# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Yeibin Orlando Amaya Cabieles,** | § | |
| *Petitioner* | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-00029-ADA-SH** |
| | § | |
| **Pamela Bondi, in her official capacity as** | § | |
| **U.S. Attorney General, et al.,** | § | |
| *Respondents* | § | |

## ORDER

Before the Court is Petitioner Yeibin Orlando Amaya Cabieles's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed January 6, 2026 (Dkt. 1). Petitioner invokes § 2243 and asks the Court to order Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Sylvester Ortega, and Charlotte Collins to release him from custody or provide him a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 15-16.

Section 2243 instructs that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that he is entitled to a writ because he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and in violation of his rights as a

1

bond-eligible class member under *Maldonado Bautista v. Santacruz*. Dkt. 1 ¶¶ 9-14; *see also Maldonado Bautista v. Santacruz*, No. 5:25- cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a bond-eligible class). This Court has addressed the BIA's new construction of the INA on numerous occasions. *See, e.g.*, *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025); *Ortega Munoz v. Noem*, No. 1:25-CV-1753-RP, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025).

In accordance with § 2243, the Court **ORDERS** that Respondents show cause in writing **on or before Monday, January 19, 2026**, why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1).[1]

This Magistrate Judge **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

---

[1] District courts may amend the timeline laid out in § 2243 when necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). When, as here, the case centers on a statutory interpretation that the Court has already discussed, and recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that the timeline suggested in § 2243 is appropriate both equitably and prudentially.

**IT IS ORDERED** that the Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**SIGNED** on January 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3